

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-277

| | |
|---|---|
| | **Opinion Delivered** September 11, 2013 |
| TAINA SANCHEZ<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION |
| V. | [NO. JV-09-2202] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD | HONORABLE ELIZABETH BURGESS, JUDGE |
| APPELLEES | AFFIRMED |

## RHONDA K. WOOD, Judge

This is an appeal from an order terminating appellant Sanchez's parental rights.[1] She argues that the evidence is insufficient to support the finding that there were statutory grounds for termination. We affirm.

The Department of Human Services (DHS) exercised an emergency hold on D.S. on December 14, 2009, following the arrest of D.S.'s parents on domestic battery charges. The court adjudicated him dependent-neglected, ordering D.S. to remain in DHS custody.

The circuit court conducted three permanency planning hearings. At the first permanency-planning hearing, the circuit court ordered D.S. to remain in DHS's custody and changed the case goal to adoption. Three months later, the circuit court heard DHS's

---

[1] Matthew Sanchez, father of D.S., was also a party to this case, but did not appeal.

SLIP OPINION

first termination petition. The court found that Sanchez was still not ready to have D.S. returned to her custody, but denied the termination petition and scheduled a second permanency-planning hearing.

At the second permanency-planning hearing, the circuit court changed the case goal to reunification while ordering D.S. to remain in DHS's custody. Six months later, the circuit court conducted its final permanency-planning hearing. The court awarded Sanchez custody of D.S., but kept the case open and set it for further review. One month later, DHS again assumed emergency custody of D.S. after an incident at Sanchez's home in which a family friend exposed himself to Sanchez's daughters. Four months later, the circuit court granted DHS's second petition to terminate parental rights.

Termination-of-parental-rights cases are reviewed de novo. *Hune v. Ark. Dep't Human Servs.*, 2010 Ark. App. 543. Grounds for termination of parental rights must be proved by clear and convincing evidence, which is that degree of proof that will produce in the finder of fact a firm conviction of the allegation sought to be established. *Hughes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 526. The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 248, 947 S.W.2d 761, 763 (1997). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights; however, parental rights will not be enforced to the

detriment or destruction of the health and well-being of the child. *Meriweather v. Ark. Dep't of Health & Human Servs.,* 98 Ark. App. 328, 331, 255 S.W.3d 505, 507 (2007).

In order to terminate parental rights, the trial court must find by clear and convincing evidence that one or more statutory grounds for termination exists. Ark. Code Ann. § 9-27-341(b)(3)(B) (Supp. 2011). Proof of only one statutory ground is sufficient to terminate parental rights. *Gossett v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 240, at 7, 374 S.W.3d 205, 209. There are two grounds the circuit court found in this case to support the termination of Sanchez's parental rights: (1) she failed to remedy conditions that caused removal, and (2) there were factors arising after the case began that demonstrated a return to Sanchez would be contrary to the health, safety, or welfare of the child. *See* Ark. Code. Ann § 9-27-341(b)(3)(B)(i) and (vii).

The circuit court stated in its order granting the petition to terminate parental rights that Sanchez's life was in constant "chaos" and that despite receiving three years of services, including therapy, she continued to display "self-defeating behaviors, problems with others, and poor decision making and judgment." D.S. was removed from Sanchez's custody following her arrest for domestic violence, and it is clear from a review of the record that Sanchez still does not respond appropriately to outside stress. Not even two weeks after D.S.'s return to Sanchez's custody, a friend of Sanchez exposed himself to her daughters while D.S. was present in the home. Sanchez responded by threatening the man with a knife in front of the children but then allowing him to remain in the home overnight. Both factors the court cited for termination were proved by clear and convincing evidence, and we affirm the circuit court's decision.



Affirmed.

GLOVER and BROWN, JJ., agree.

*Deborah R. Sallings*, Arkansas Public Defender Commission, for appellant.

*Tabitha B. McNulty*, County Legal Operations, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.